IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 18, 2013 Session

## IN RE ANTHONY R.[1]

**Appeal from the Juvenile Court for Davidson County**
**No. 20087384      Betty K. Adams Green, Judge**

---

**No. M2012-01412-COA-R3-PT - Filed February 8, 2013**

---

The trial court terminated Father's parental rights to his son on the ground that Father engaged in conduct prior to incarceration exhibiting a wanton disregard for the child's welfare. On appeal, Father contends that the petition to terminate parental rights did not allege wanton disregard as a ground upon which termination was sought. Because we conclude that the petitioner did not plead wanton disregard as a ground for termination, we reverse the termination of Father's parental rights based upon that ground.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

James Alvin Rose, Nashville, Tennessee, for the appellant, Anthony W.

G. Avery Mott, Nashville, Tennessee, guardian ad litem for Anthony R.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Anthony R. was born on January 4, 2008 to Cornithia R. ("Mother"), but has spent nearly his entire life in Castaliene Young's ("Ms. Young") care. At the time she was pregnant with Anthony, Mother already had several children, and she eventually persuaded Ms. Young to care for Anthony full time. Mother provided Ms. Young the names of three men who were possibly the child's father, including one "Anthony" for whom, at that time,

---

[1] This Court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

Ms. Young "didn't know a last name or nothing."

In late 2008, to become Anthony's official custodian, Ms. Young filed a pro se petition for dependency and neglect in the trial court. Having ascertained that Anthony W. ("Father") was Anthony's biological father and was incarcerated, Ms. Young listed him on the petition.[2] On March 3, 2009, the trial court ordered that Anthony be placed in Ms. Young's custody pendente lite. On March 20, 2009, Father filed from prison a pro se petition to establish his paternity of Anthony. DNA testing followed, and an order entered August 17, 2009 established Father as Anthony's biological father and reserved the issue of child support. On July 14, 2009, the trial court adjudicated Anthony dependent and neglected and ordered that Ms. Young would continue to be Anthony's custodian. Father was neither served with notice of nor made a party to the dependency and neglect proceedings, though his sister testified that she informed him of the proceedings via letter.[3]

On November 24, 2010, Anthony's appointed guardian *ad litem* filed a petition seeking termination of Father's parental rights based upon the following grounds: 1. Abandonment (Tenn. Code Ann. § 36-1-113(g)(1)) by willful failure to visit (Tenn. Code Ann. § 36-1-102(1)(A)(i)); 2. Abandonment (Tenn. Code Ann. § 36-1-113(g)(1)) by willful failure to support (Tenn. Code Ann. § 36-1-102(1)(A)(i)); and 3. Incarceration under a sentence of ten years or more with the child being under eight years of age at the time the court enters the sentence (Tenn. Code Ann. § 36-1-113(g)(6)). On January 21, 2012, the court appointed an attorney to represent Father at the termination hearing. In his answer to the petition to terminate parental rights, Father denied that grounds existed to terminate his parental rights, stated a strong "desire to have a meaningful relationship with Anthony," admitted that he had a duty to support Anthony, but noted that the court's August 17, 2009 order reserved the issue of support.

Following an April 10, 2012 hearing in which Ms. Young, Father, and Father's sister testified, the trial court terminated Father's parental rights to Anthony by order entered June 13, 2012. The court based its decision on one ground:

---

[2] This appeal concerns Father only. Mother's parental rights were terminated by order entered in August 2012, and she has not appealed from that order.

[3] On the subject of Ms. Young's filing the petition for dependency and neglect and the accompanying hearings, Father's sister testified:

Q. Did you do anything at that time to make [Father] aware of what was going on, or do you remember anything that–

A. I had wrote him.

[Father's parental rights] are hereby and forever terminated due to the Father's wanton disregard as found in T.C.A. § 36-1-102, due to the Father's continued engagement in criminal activity just before the minor child was born, having full knowledge that he had a child on the way, his continued involvement in criminal activity while incarcerated, and his behavior that continues to allow him to accumulate incidents and continues to prolong any possible release date.

The trial court further found that termination was in Anthony's best interest because "there is no meaningful bond existing between Father and [Anthony]."

Father appealed.

ISSUES

Father presents two issues for our review: (1) whether the trial court erred in terminating his parental rights based on a ground that was not pled in the petition to terminate parental rights, and (2) whether the trial court erred in terminating his parental rights on the ground of abandonment, specifically conduct prior to incarceration that exhibits a wanton disregard for the child's welfare, pursuant to Tenn. Code Ann. § 36-1-102(1)(A)(iv).

STANDARD OF REVIEW

A parent has a fundamental right to the care, custody, and control of his or her child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174 (Tenn. 1996). Thus, the state may interfere with parental rights only if there is a compelling state interest. *Nash-Putnam*, 921 S.W.2d at 174-75 (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)). Pursuant to Tennessee Code Annotated section 36-1-113(l)(1), "[a]n order terminating parental rights shall have the effect of severing forever all legal rights and obligations of the parent or guardian of the child against whom the order of termination is entered and of the child who is the subject of the petition to that parent or guardian."

Our termination statutes identify "those situations in which the state's interest in the welfare of a child justifies interference with a parent's constitutional rights by setting forth grounds on which termination proceedings can be brought." *In re W.B.*, M2004-00999-COA-R3-PT, 2005 WL 1021618, at *7 (Tenn. Ct. App. Apr. 29, 2005) (citing Tenn. Code Ann. § 36-1-113(g)). To support the termination of parental rights, petitioners must prove both the existence of one of the statutory grounds for termination and that termination is in the child's best interest. Tenn. Code Ann. § 36-1-113(c); *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

Because of the fundamental nature of the parent's rights and the grave consequences of the termination of those rights, courts must require a higher standard of proof in deciding termination cases. *Santosky*, 455 U.S. at 769; *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). Thus, both the grounds for termination and the best interest inquiry must be established by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c)(1); *In re Valentine*, 79 S.W.3d at 546. Clear and convincing evidence "establishes that the truth of the facts asserted is highly probable, and eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *In re M.J.B.*, 140 S.W.3d 643, 653 (Tenn. Ct. App. 2004) (citations omitted). Such evidence "produces in a fact-finder's mind a firm belief or conviction regarding the truth of the facts sought to be established." *Id.*

In light of the heightened standard of proof in these cases, a reviewing court must adapt the customary standard of review set forth by Tenn. R. App. P. 13(d). *Id.* at 654. As to the trial court's findings of fact, our review is de novo with a presumption of correctness unless the evidence preponderates otherwise, in accordance with Tenn. R. App. P. 13(d). *Id.* We must then determine whether the facts, as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements necessary to terminate parental rights. *Id.*

ANALYSIS

On appeal, Father asserts that the trial court's finding of abandonment by wanton disregard, pursuant to Tenn. Code Ann. § 36-1-102(1)(A)(iv), cannot serve as the ground for termination of his parental rights because it was not pled in the petition. Consequently, Father urges, the trial court's finding "flies in the face of due process considerations as Father had no notice of this ground." He further argues that the evidence does not clearly and convincingly support a finding of abandonment by wanton disregard.

The guardian *ad litem*'s petition contains only the following pertinent allegations with regard to abandonment as a ground for termination:

ABANDONMENT - FAILURE TO VISIT

The Respondents have abandoned the child as they have willfully refused to visit or have only made token visits in the four months before this petition was filed.
. . .

. . . The Father is incarcerated in a state penitentiary and has been sentenced

to a sentence of more than ten (10) years.

ABANDONMENT - FAILURE TO SUPPORT

Mother and Father have paid no support for the Child since his placement with Ms. Young, or has [sic] paid only token payments toward the child's support in the four (4) months next to and preceding the filing of this petition.

Mother and Father knew or should have known that they had to pay child support because all parents have a duty to support their children.

Mother and Father are able-bodied and capable of working and earning enough to support themselves as well as paying child support. The Father is incarcerated at this time, and his means of income or assets is [sic] unknown.

Tennessee Code Annotated section 36-1-102(1)(A)(i) sets out these two particular definitions of abandonment.[4]

The guardian *ad litem* correctly notes that the ground of "Father's wanton disregard as found in T.C.A. § 36-1-102" formed the basis of the trial court's decision, but incorrectly states that such ground was "listed in the petition to terminate." The petition to terminate parental rights does not contain the words "wanton" or "disregard," and it certainly does not reference the correct portion of the statute, that is, Tenn. Code Ann. § 36-1-102(1)(A)(iv), which defines abandonment as follows:

A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either

---

[4] For purposes of terminating the parental or guardian rights of parent(s) or guardian(s) of a child to that child in order to make that child available for adoption, "abandonment" means that:

(i) For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent(s) or guardian(s) of the child who is the subject of the petition for termination of parental rights or adoption, that the parent(s) or guardian(s) either have willfully failed to visit or have willfully failed to support or have willfully failed to make reasonable payments toward the support of the child.

Tenn. Code Ann. § 36-1-102(1)(A)(i).

has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration, or *the parent or guardian has engaged in conduct prior to incarceration that exhibits a wanton disregard for the welfare of the child*.

(Emphasis added).

Once again, we emphasize that "courts must strictly apply the procedural requirements in cases involving the termination of parental rights." *Weidman v. Chambers*, No. M2007-02106-COA-R3-PT, 2008 WL 2331037, at *6 (Tenn. Ct. App. June 3, 2008) (citing *In re W.B.*, 2005 WL 1021618, at *10; *In re M.J.B.*, 140 S.W.3d at 651). Thus, a court may terminate a parent's rights to his child based only upon the statutory ground(s) alleged in the petition because otherwise the parent would be "disadvantage[d] in preparing a defense." *In re W.B.*, 2005 WL 1021618, at *10 (reversing an order that terminated parental rights based on grounds not alleged in the petition).[5]

We conclude that Father did not receive proper notice of the ground on which his parental rights to Anthony were terminated. The trial court terminated Father's parental rights based upon one ground–Tenn. Code Ann. § 36-1-102(1)(A)(iv)–and this ground was not pled in the petition. Our conclusion that Father lacked proper notice pretermits consideration of Father's argument about failure of evidence on the abandonment by wanton disregard ground.

CONCLUSION

The trial court's judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed against the guardian *ad litem*, G. Avery Mott.

_____
ANDY D. BENNETT, JUDGE

---

[5] Even if a petition fails to identify the grounds for termination, it can be argued that the appropriate ground was tried by implied consent of the parties. *See In re S.M.N.*, No. E2005-01974-COA-R3-PT, 2006 WL 1814852, at *6 (Tenn. Ct. App. June 30, 2006). However, based on the record before us, we cannot conclude that Father impliedly consented to try the ground of abandonment by wanton disregard.